**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BACILIO LOJA CAGUANA, | Civil Action No. 26-3065 (SDW) |
| Petitioner, | |
| v. | OPINION |
| PAM BONDI, et al., | |
| Respondents. | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Bacilio Loja Caguana, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey.  (ECF No. 1).

2.      Petitioner is a citizen of Ecuador who entered the United States without inspection in May 2005.  (*Id.* ¶ 1).

3.      On April 17, 2017, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") to Petitioner, identifying him as a noncitizen who was "present in the United States who has not been admitted or paroled."  (ECF No. 5-3 at 1).

4.      DHS arrested petitioner on January 13, 2026 and charged him with being a noncitizen who was present without admission or parole pursuant to Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i).  (ECF No. 5-1 at 2).

5.      On February 10, 2026, Petitioner requested release on bond.  (ECF No. 1 ¶ 5).  The immigration court denied the request after concluding that it did not have jurisdiction to hear the bond request pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  (*Id.* ¶ 6).

6.      On March 22, 2026, an immigration judge ordered Petitioner removed to Ecuador. (ECF No. 5-5 at 10-11).

7.      Petitioner filed the Petition on March 24, 2026.  (ECF No. 1).[1]  He intends to appeal the removal order.  (ECF No. 6).

8.      Respondents filed an answer on March 26, 2026 arguing that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2) because he is a noncitizen "who entered without admission or parole after inspection and was detained by immigration authorities in the interior of the country without having been lawfully admitted.  As such, he is an 'applicant for admission' who is not entitled to a bond hearing."  (ECF No. 5 at 2).

9.      Additionally, Respondents acknowledge that the statutory arguments and facts in this case are materially identical to those that this Court has already rejected in *Patel v. Almodovar*, No. 25-cv-1534, 2025 WL 3012323 (D.N.J. Oct. 28, 2025) and other cases.  (*Id.* at 1 & n.1)

10.      Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

11.      Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims.  *Trump v. J. G.*

---

[1] Counsel indicated in a reply that Petitioner was unaware of the removal order at the time the Petition was filed.  (ECF No. 6).

2

*G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

12.     Petitioner's removal order is not a final order of removal because it may still be appealed to the Board of Immigration Appeals.  *See* 8 U.S.C. § 1101(a)(47)(B) (stating that an order of deportation "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the [noncitizen] is permitted to seek review of such order by the Board of Immigration Appeals.")

13.     This Court concludes that until such time as the removal order becomes final, the statute governing Petitioner's detention is 8 U.S.C. § 1226, not § 1225.[2]  Therefore, Petitioner is entitled to seek bond.  *See Patel*, 2025 WL 3012323, at *3-4.

14.     The NTA specifically identified Petitioner as a noncitizen "*present* in the United States who has not been admitted or paroled."  (ECF No. 5-3 at 1 (emphasis added)).  "Notably, the issuing officer appears to have explicitly declined to designate Petitioner as an 'arriving alien,' which is the active language used to define the scope of section 1225(b)(2)(A) ... ."  *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218 (D. Mass. 2025).  This language also appeared in the immigration judge's opinion, calling Petitioner a noncitizen who was "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  (ECF No. 5-5 at 3).

15.     Therefore, it seems from the record that "DHS has consistently treated [Petitioner] as subject to detention on a *discretionary* basis under § 1226(a), which is fatal to Respondents'

---

[2] 8 U.S.C. § 1252(b)(9) does not strip the Court of jurisdiction over Petitioner's challenge to his continued detention because the challenge is collateral to "the removal process," and is not "inextricably linked" to any removal action.  *See Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

claim that he is subject to mandatory detention under § 1225(b)." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-84 (S.D.N.Y. 2025) (emphasis in original).

16.     Accordingly, Petitioner's mandatory detention pursuant to § 1225(b)(2) violates the laws of the United States and Petitioner's Due Process rights.  Respondents are ordered to treat Petitioner as detained under § 1226(a), which entitles him to an individualized bond hearing.[3]

17.     An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: April 1, 2026

---

[3] This Court emphasizes that nothing in this Opinion and Order addresses the validity of the immigration court's order of removal and that the direction to treat Petitioner as detained pursuant to § 1226 lasts only until the order becomes final as defined by 8 U.S.C. § 1101(a)(47)(B).